UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| AMY LEISTNER<br>and LINDA PADGETT, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | 3:04-cv-186-RLY-WGH |
| MASTERBRAND CABINETS, INC., | )<br>)<br>) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S
MOTION IN LIMINE**

On March 7, 2007, Defendant filed a Motion in Limine seeking to exclude testimony and evidence at trial regarding five issues: 1) reference by Plaintiffs to awards of back pay or front pay as a component of damages; 2) reference to an arbitrator's hearing and arbitrator's decision; 3) reference to Plaintiffs' terminations; 4) reference to any alleged sexual harassment directed at individuals outside of Plaintiffs' presence; and 5) reference to Defendant's holding company or financial condition.

**1.      Back Pay and Front Pay**

Plaintiffs have conceded that they are not entitled to front pay and that Amy Leistner ("Leistner") is not entitled to back pay. (*See* Plaintiffs' Response to Defendant's Brief in Support of Motion in Limine at 1; *see also* Complaint). In their Response, however, Plaintiffs argue that Linda Padgett ("Padgett") is seeking "damages for the effects of her discharge." (*Id.*)  It is clear from Plaintiffs' Response that they are not

seeking back pay for Padgett, but rather are simply arguing that they may still seek other traditional damages under Title VII such as compensatory or punitive damages.  Hence, Defendant's Motion in Limine is **GRANTED** with respect to this matter.  No reference to back pay or front pay may be made at trial.

**2.     The Arbitrator's Hearing and Subsequent Decision**

Defendant also broadly seeks exclusion of any reference to the arbitrator's decision that led to Plaintiffs' reinstatements as well as the testimony within the arbitrator's hearing.  With regard to an arbitrator's decision, "[a] trial court has the discretion to admit an arbitration decision into evidence and to accord it such weight as is deemed appropriate. . . ." *Jackson v. Bunge Corp.,* 40 F.3d 239, 246 (7th Cir. 1994).  In this instance, the arbitrator found that the termination was improper because the alleged incident was not a terminable offense, no progressive discipline was used, no fair investigation was conducted, many of the alleged facts surrounding the termination were not proved, and the punishment was disproportionate to the alleged incident.  (Arbitrator's Decision at 14).  These findings could be prejudicial to Defendant because they could be heavily relied upon by the jury.  Because Federal Rule of Evidence 403 provides that the Court is to weigh the probative value of evidence against its prejudicial effect, the Court concludes that, at this time, there is the danger that the probative value of the arbitrator's decision could be outweighed by the prejudicial effect it would have on the jury.  Therefore, Plaintiffs are instructed to refrain from referencing the arbitrator's decision or admitting it into evidence without prior *in camera* consultation with the Court.

With regard to the testimony from the arbitrator's hearing, the Court concludes that there are instances under the Federal Rules of Evidence where such testimony could be used at trial, such as prior statements of witnesses under Rule 613. The Court, therefore, concludes that reference to testimony within the arbitrator's hearing is permissible only if allowed under the Federal Rules of Evidence. Defendant's Motion in Limine on this matter is **CONDITIONALLY GRANTED.**

### 3. Plaintiffs' Terminations

Defendant also contends that evidence of Plaintiffs' terminations should be excluded. However, Plaintiffs have raised claims of retaliation, and the Court noted in its order denying Defendant's Motion for Summary Judgment that if the sexual harassment by Barnes and Yearout directly led to Plaintiffs' terminations, then Defendant is vicariously liable. The jury could hear the evidence and conclude that Barnes and Yearout came to the conclusion that Plaintiffs were no longer going to tolerate sexual harassment and they, therefore, decided to terminate them. Hence, the facts surrounding Plaintiffs' terminations are probative of whether they were retaliated against and whether sexual harassment directly led to an adverse employment action. Therefore, Defendant's Motion In Limine on this matter is **DENIED.**

### 4. Other Instances of Sexual Harassment

Defendant seeks to exclude any reference to sexual harassment that occurred outside the presence of Plaintiffs. Specifically, Defendant seeks to exclude any alleged sexual harassment suffered by Becky Schepers ("Schepers"). However, there is evidence

to suggest that Plaintiffs' first line of defense for sexual harassment was Schepers, that Plaintiffs believed Schepers was being harassed by the very people that were also harassing them, and that this affected their ability to complain to the proper people about harassment. Additionally, the fact that an individual and one of their superiors are being harassed by the same people would contribute to just exactly how hostile the environment was. Thus, evidence of the harassment that Schepers suffered is highly probative, and Defendant's Motion in Limine on this matter is **DENIED.**

5. **Defendant's Holding Company and Financial Condition**

Plaintiffs concede that no reference shall be made to Defendant's holding company or its financial condition. Defendant's Motion in Limine on this matter is, therefore, **GRANTED.**

## Conclusion

Defendant's Motion in Limine (Docket # 81) is **DENIED, in part,** and **GRANTED, in part.**

**SO ORDERED** this 24th day of May 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Virginia M. O'Leary
O'LEARY & ASSOCIATES
office@olearylaw.net

Darlene Carole Robinson
robinso@hughes.net

Craig M. Borowski
BAKER & DANIELS
cmborows@bakerd.com

Mark James Romaniuk
BAKER & DANIELS
mjromani@bakerd.com